**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-24218-HERNANDEZ**

**ERIC DRAKE**,

*Plaintiff*,

v.

**FEDERATION INTERNATIONALE DE FOOTBALL ASSOCIATION, *et al.***,

*Defendants*.
______________________________________/

# ORDER

Before the Court is *pro se* Plaintiff Eric Drake's Motion for Leave to Proceed *in Forma Pauperis* ("Motion"). [ECF No. 3]. Because Plaintiff seeks leave to proceed *in forma pauperis*, the Court must review his Complaint, [ECF No. 1], under 28 U.S.C. § 1915(e).[1] A complaint that "fails to state a claim on which relief may be granted" must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, Plaintiff's Complaint is **DISMISSED without prejudice** and the Motion is **DENIED as moot**.

## Background

On June 15, 2026, Plaintiff filed a fifty-six-page Complaint raising various constitutional claims against the Fédération Internationale de Football Association ("FIFA") and its leadership, as well as various other soccer organizations. [ECF No. 1]. The introduction, which shifts from the named

[1] This matter was assigned to us pursuant to Administrative Order 2025-11, which governs cases involving *pro se* litigants. On June 23, 2026, we instructed Plaintiff to file a form indicating whether he intended to consent to Magistrate Judge Jurisdiction. [ECF No. 5]. When Plaintiff failed to do so, we issued a second order reminding him of the Court's prior directives. [ECF No. 6]. He again failed to respond and has thus consented to Magistrate Judge jurisdiction. *See id.* at 2 ("Failure to comply with this Order and file the consent/opt out form with the Plaintiff's election by the deadline set forth in this Order will be deemed a waiver of the opportunity to timely opt out of the exercise of Magistrate Judge jurisdiction.").

defendants to Dallas County's government, presents a widespread and barely sketched conspiracy tying (unidentified) Dallas County police, prosecutors, and judges. *Id.* ¶ 2. This conspiracy, Plaintiff avers, reaches even the "Fifth Court of Appeals." *Id.* ¶ 3. Plaintiff links—albeit tenuously—this conspiracy with the named defendants through FIFA's sponsorship of events in Dallas County. *See id.* ¶ 3 ("Inviting thousands of FIFA fans to [Dallas] County is leading innocent sheep to Dallas County's slaughter of [sic] historical cruelty and corruption."). Elsewhere in the Complaint, Plaintiff alleges that "Dallas Police falsely arrested" him and threatened him with deadly force because of his race. *Id.* ¶ 28. Plaintiff does not suggest FIFA or any other defendants played a role in those claimed constitutional violations, but argues that hosting FIFA matches in Dallas will imperil "Blacks and nonwhite fans," who will become "targets for false arrest, excessive bail." *Id.* ¶ 56. He further contends that defendants' "selection of Dallas was carried out in partnership with the United States Soccer Federation (USSF) and the United States Department of State," which means that defendants are acting "under color of law." *Id.* ¶ 50.

Plaintiff asserts various constitutional claims, a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a "negligence common-law state law claim," and a "negligence entrustment common-law state law claim." *Id.* ¶¶ 78–109. He seeks an injunction "prohibiting FIFA from holding the 2026 World Cup matches . . . in Dallas County, Texas, or any venue in Tarrant County, Texas." *Id.* ¶ 73. Because the Complaint fails to satisfy Rule 8 and constitutes a shotgun pleading, it must be dismissed. As Plaintiff proceeds *pro se*, the Court will give him an opportunity to amend.

## LEGAL FRAMEWORK

Under Section 1915(e), a court is required to dismiss a case filed *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). Federal Rule of Civil

Procedure 8(a)(2) instructs that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard does not require "detailed factual allegations," but it does demand sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions may provide the framework for a complaint, but they are not entitled to the assumption of truth and must be supported by well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Plaintiff must present each of his claims "in a separate numbered paragraph, with each paragraph 'limited as far as practicable to a single set of circumstances.'" *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (quoting FED. R. CIV. P. 10(b) and citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)); *see* FED. R. CIV. P. 10(b). "The opposite of a short and plain statement of the claim is what is known as a 'shotgun' pleading." *Kreiter v. Ocwen Loan Servicing, LLC*, No. 22-cv-80101-RS, 2022 WL 225884, at *1 (S.D. Fla. Jan. 26, 2022). A shotgun pleading:

> (1) Contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree*, 779 F. App'x at 662 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). A deficient complaint may fall into one or multiple shotgun categories. Shotgun pleadings undermine the court's "gatekeeping function with regard to the averments of [the claim]" by failing, in one way or another, to connect the "substantive count [to] the factual predicates." *Joe Hand Promotions, Inc. v. Vardi*, No. 22-cv-20581-BB, 2022 WL 1486889, at *2 (S.D. Fla. May 11, 2022) (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006) (cleaned up)). One of the most common types of shotgun pleading—and the one most relevant here—is a complaint

that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" and possess inherent authority to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (citation and quotation omitted). Still, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

## Analysis

### I. Shotgun Pleading

Plaintiff's Complaint falls under multiple categories of shotgun pleading. First, each count adopts the allegations of all preceding counts. [ECF No. 1 ¶¶ 78, 82, 86, 93, 96, 98, 106]; *Embree*, 779 F. App'x at 662. Consequently, we cannot determine which facts are meant to support which claims. Second the Complaint includes conclusory and vague allegations that fail to provide specific support for the causes of action. Plaintiff's claims appear to stem from his alleged false arrest and incarceration, and the alleged threat of deadly force by Dallas Police because of his race. [ECF No. 1 ¶ 28]. He does not, however, sufficiently explain how these events relate to his causes of action, nor does he outline the role that FIFA, or one of the other defendants, played in his alleged harm. Nor does the "Factual Allegations" provide clarity. Plaintiff dedicates the bulk of his Complaint to what he characterizes as rampant racial discrimination in Dallas County, *id.* at 11-22, 33-38, but never explains

how this long list of grievances "connect[s] to any particular cause of action." *Embree*, 799 F. App'x at 662. Because it is "nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief," the Complaint "patently violates" Rule 8(a)(2) and cannot stand as pleaded. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018).

The Complaint also confuses foreign and international policy with a private right of action. In Count V, he asserts claims under the International Religious Freedom Act ("IRFA") and the United Nations Guiding Principles on Business and Human Rights ("U.N. Guiding Principles"), [ECF No. 1 at 49], neither of which creates a private right of action. *Vela v. State Bar of Cal.*, No. 1:23-CV-01638-JLT-BAM, 2024 WL 1906591, at *5 (E.D. Cal. May 1, 2024), *report and recommendation adopted*, No. 1:23-CV-01638 JLT BAM, 2024 WL 2701236 (E.D. Cal. May 24, 2024) ("[T]he International Religious Freedom Act does not provide a private cause of action in a civil case."); *Strege v. Dep't of Motor Vehicles*, No. 15-1907 (DSD/HB), 2015 WL 1954452, at *2 n.2 (D. Minn. Apr. 29, 2015) (explaining that the International Religious Freedom Act "does not provide a private cause of action for civil litigants.").

As to the fourth shotgun category, Plaintiff fails to specify which defendant allegedly committed which acts that harmed him. The "Factual Allegations" section, which spans 31 pages, references a "Defendant," but never links this (capitalized but never defined) term to any of the individuals or organizations in this suit. More confusing still, he uses "Defendant" in a way that suggests the term does not capture other defendants in this suit, making it impossible to decipher which defendant he means to identify. [ECF No. 1 ¶ 50 ("Defendant's selection of Dallas was carried out in partnership with the United States Soccer Federation ("USSF") and the United States Department of State.")]. The rest of the Complaint is likewise filled with vague and conclusory accusations that target some or all named defendants. *See, e.g.*, *id.* ¶ 87 ("Defendants FIFA []; Gianni Infantino; U.S. Soccer Federation, Inc.; Soccer United Marking, Inc.; conspired to deprive African-

American residents of Dallas County of their Fourteenth Amendment equal protection rights."). As for the counts themselves, here, too, Plaintiff fails to specify which defendant is accused of doing what. For instance, Count I seems, at first blush, directed at FIFA, but then Plaintiff refers to "Defendants" and dedicates an entire paragraph to justifying suit against a municipality under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.* ¶ 79. The ambiguity continues through the remaining counts. At times it appears that Plaintiff uses "FIFA" as a shorthand for all defendants—including, possibly, Dallas governmental and law enforcement entities—and identifying no defendants at all. *See* [ECF No. 1 ¶¶ 86–92 (FIFA as shorthand, we *think*); 93–109 (no identified defendants)]. That deficiency alone is fatal. *See Weiland*, 792 F.3d at 1323 (complaint was a "shotgun pleading" where it asserted "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions."); *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005) (a complaint is a shotgun pleading when it fails to "identify claims with sufficient clarity to enable the defendant to frame a responsive pleading.").

And so, the Complaint is a shotgun pleading that must be dismissed.

## II. Unavailable Claims

Some of Plaintiff's claims would not survive even if the Complaint were not a shotgun pleading. First, Plaintiff raises a claim under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, but identifies himself as "a U.S. citizen." [ECF No. 1 ¶ 4]. True to its name, the ATS applies to *aliens* not United States citizens. *See Saperstein v. Palestinian Auth.*, No. 04-cv-20225-PAS, 2006 WL 8433167, at *4 (S.D. Fla. July 12, 2006) (*abrogated on other grounds by Saperstein v. Palestinian Auth.*, No. 04-cv-20225-PAS, 2008 WL 4467535 (S.D. Fla. Sep. 29, 2008) (explaining that the complaint failed to state a cause of action under 28 U.S.C. § 1350 for a plaintiff because "he is a United States citizen, and thus not an alien."). Accordingly, based on Plaintiff's own representations, he cannot assert the ATS as a basis

for relief. Second, as we noted above, Plaintiff's claims under the IRFA and U.N. Guiding Principles cannot stand because neither confers a right to sue.

**III. Opportunity to Amend**

Because Plaintiff is proceeding *pro se*, the Court will extend an opportunity to amend. Plaintiff must comply with all applicable procedural rules and allege sufficient facts in any Amended Complaint to plausibly state a claim. Plaintiff must ensure that his Amended Complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. In accordance with Rule 8, Plaintiff's Amended Complaint must contain: (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief; and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Plaintiff should take care to connect the factual allegations in his Amended Complaint to each enumerated claim, articulate how the alleged conduct satisfies the elements of each asserted cause of action, and identify the defendant (or defendants) responsible for that conduct. Moreover, Plaintiff must state his allegations "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Plaintiff should also note the filing deficiency within his original Complaint, [ECF No. 4], and ensure that the required signatures are included in his Amended Complaint. FED. R. CIV. P. 11(a).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Complaint, [ECF No. 1], is **DISMISSED without prejudice**. Plaintiff shall file an Amended Complaint in accordance with this Order by **November 19, 2026**. Failure to do so may result in dismissal of this action with prejudice and without further notice.

2. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, [ECF No. 3], is **DENIED as moot**. Plaintiff may renew that motion upon filing his Amended Complaint.

DONE AND ORDERED in Chambers in Miami, Florida, on October 29, 2026.

YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE